IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH DINGLER,                       ) | |
|                          Plaintiff,   ) | |
| v.                                    ) | No. 3:12-CV-455-M |
|                                       ) | |
| EQUIFAX, ET AL.,                      ) | |
|                          Defendants.  ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.    BACKGROUND**

Plaintiff filed this complaint pursuant to 42 U.S.C. §§ 1983 and 1985, the Sherman Antitrust Act, the Clayton Antitrust Act, the Fair Credit Reporting Act and the Federal Trade Commission Act. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Equifax, Experian, Transunion and the Federal Trade Commission ("FTC").

Plaintiff alleges he notified Equifax, Experian and Transunion that he disputed the accuracy of his credit report. He states these Defendants denied him adequate notice that they received his complaint. He also claims these Defendants should have notified him of the results of their investigations of his claims within thirty days instead of forty-five days. He states he informed the FTC of his dispute, but the agency took no action. Plaintiff seeks removal of all disputed items on his credit report. He seeks declaratory relief, injunctive relief and money

damages.

## II.     SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"  Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions.  *Twombly*, 550 U.S. at 555.

## III.    DISCUSSION

### 1.      § 1983

Plaintiff argues Defendants violated his constitutional rights under 42 U.S.C. § 1983.  To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).  The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law."  The Fourteenth Amendment prohibits only that action which may be fairly

attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

In this case, Plaintiff has failed to show that Defendants Equifax, Experian and Transunion are government actors. Plaintiff's § 1983 claims against these Defendants should be dismissed.

Plaintiff argues the FTC violated his constitutional rights because it failed to take any action against the other Defendants. Plaintiff's claim fails to state a constitutional violation. This claim should be dismissed.

**2.      § 1985**

Plaintiff argues Defendants have violated his civil rights under 42 U.S.C. § 1985. It appears Plaintiff is arguing that Defendants have denied him the equal protection of the laws because he received a free credit report and they have treated him differently from someone who pays for a credit report. Section 1985, however, prohibits conspiracies to deprive a person equal protection of the laws on the basis of race. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). Plaintiff has made no claim that Defendants have denied him the equal protection of the laws on the basis of race. This claim should be dismissed.

**3.      Antitrust**

Plaintiff claims Defendants have violated the Sherman Act and Clayton Act by conspiring to create a monopoly to disrupt or restrain trade. To state a claim, Plaintiff must include allegations covering all elements of the antitrust violation. *Municipal Utilities Bd of*

*Albertville v. Alabama Power*, 934 F.2d 1493, 1501 (11th Cir. 1991). Plaintiff's complaint recites only the bare-bones allegations that Defendants violated these antitrust statutes. He does not identify any anticompetitive actions, nor has he alleged sufficient facts to establish a conspiracy. Plaintiff's claim should be dismissed.

**4.     Federal Trade Commission Act**

Plaintiff claims Defendants violated the Federal Trade Commission Act ("FTCA"). There is no private right of action under the FTCA. *Norris v. Fairbanks Capital Corp.*, 178 Fed. Appx. 401 at *1 (5th Cir. 2006); *Fulton v. Hecht*, 580 F.2d 1243, 1251 n.2 (5th Cir. 1978). This claim should be dismissed.

**5.     Fair Credit Reporting Act**

Plaintiff claims Defendants Equifax, Experian and Transunion violated the Fair Credit Reporting Act by not properly notifying him regarding the receipt of his complaint and the results of their investigation. It appears Plaintiff may also be disputing items on his credit report. Taking Plaintiff's allegations as true, the Court is unable to determine that these claims are frivolous. These claims against these Defendants should therefore proceed.

Plaintiff claims Defendant FTC violated the Fair Credit Reporting Act because it took no action against the other Defendants. Plaintiff has failed to identify any provision in the Fair Credit Reporting Act requiring that the FTC take action against a credit reporting company upon receipt of a complaint. This claim should be dismissed.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's Fair Credit Reporting Act claims against Defendants Equifax, Experian and Transunion proceed and process should be issued to these

Defendants; and (2) Plaintiff's remaining claims be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 14th day of June, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).