UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH DINGLER, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:12-CV-455-M (BF) |
| § | |
| EQUIFAX INFORMATION SERVICES, § | |
| L.L.C., et al., § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, United States Code, Section 636(b), and Special Order 3, this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendants Equifax Information Services, L.L.C. ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, L.L.C.'s ("Trans Union") (collectively, "Defendants") Motion for Summary Judgment ("Motion for Summary Judgment") [D.E. 52]; and Plaintiff Joseph Dingler's ("Plaintiff") Cross-Motion for Summary Judgment [D.E. 63]. For the following reasons, the undersigned recommends that the Court GRANT Defendants' Motion for Summary Judgment [D.E. 52] and DENY Plaintiff's Cross-Motion for Summary Judgment [D.E. 63].

**BACKGROUND**

On February 13, 2012, Plaintiff filed the instant action alleging that Defendants improperly handled disputed items on Plaintiff's credit report. *See* Compl. [D.E. 3 at 3-4]. On April 27, 2012, Plaintiff filed his Amended Complaint adding claims of antitrust violations. *See* Am. Compl. [D.E. 9 at 1]. Plaintiff contends that Defendants failed to give adequate notice regarding their investigations of disputed items on Plaintiff's credit report and failed to adequately adjust his credit file. *See id.* [D.E. 9 at 3-4]. Plaintiff seeks (1) a declaration that Defendants' conduct violated

Plaintiff's constitutional rights and the laws of the United States; (2) injunctive relief precluding Defendants from violating consumer rights and acting in furtherance of illegal schemes; and (3) damages. *See id.* [D.E. 3 at 5]. On June 14, 2012, the undersigned entered Findings, Conclusions and Recommendation ("Recommendation") recommending that the Court dismiss all of Plaintiff's claims except for Plaintiff's Fair Credit Reporting Act ("FCRA") claims. *See* Recommendation [D.E. 15 at 2-5]. On September 5, 2012, the Court accepted the undersigned's Recommendation. *See* Order [D.E. 21].

On April 23, 2013, Defendants filed their Motion to Compel Plaintiff's Disclosures, Responses to Written Discovery and to Deem Requests for Admission Admitted ("Motion to Compel") arguing that despite serving their discovery requests on Plaintiff over 90 days prior, Plaintiff failed to produce responses to any of those discovery requests. *See* Mot. to Compel [D.E. 39 at 2]. Further, Defendants informed the Court that defense counsel made several attempts to contact Plaintiff via telephone, e-mail and U.S. Mail inquiring as to the status of Plaintiff's discovery responses, but that Plaintiff never responded to those communications. *See id.* [D.E. 39 at 2]. On June 6, 2013, the undersigned granted Defendants' Motion to Compel, and (1) ordered Plaintiff to produce complete responses to Defendants' First Requests for Production and First Set of Interrogatories, without objections, by June 16, 2013; and (2) deemed as admitted Defendants' Requests for Admission for Plaintiff's failure to respond. *See* Order [D.E. 40 at 1]. Further, Plaintiff was warned that failure to comply with the Court's Order or any other discovery requests from Defendants could subject him to sanctions and attorneys' fees. *See id.* [D.E. 40 at 2].

On July 22, 2013, Defendants filed their Motion for Summary Judgment arguing that summary judgment should be granted because: (1) Plaintiff failed to respond to Defendants'

Requests for Admission, which were deemed admitted by operation of the law and by Court order and these admissions are fatal to Plaintiff's remaining claims; (2) even if the Court determines that there are remaining issues, Plaintiff is unable to present the Court with any evidence to support his allegations because he failed to timely request information from the Defendants; and (3) Defendants' affirmative evidence disproves Plaintiff's claims. *See* Br. in Supp. of Mot. for Summ. J. [D.E. 53 at 12-21]. Defendants informed the Court that as of the date of the filing of their Motion for Summary Judgment, Plaintiff still had not served responses to Defendants' written discovery. *See id.* [D.E. 53 at 3]. Further, Defendants point out that Plaintiff sought discovery from Defendants on July 26, 2013, over a month after the discovery period closed. *See id.* [D.E. 53 at 9 n.1]; Scheduling Order [D.E. 37 at 1]. On September 10, 2013, Plaintiff filed his Response to Motion for Summary Judgment and Cross-Motion for Summary Judgment ("Response and Cross-Motion for Summary Judgment") contending that Plaintiff does not need to answer Defendants' discovery requests because Defendants already have the information they seek in their possession. *See* Resp. & Cross-Mot. for Summ. J. [D.E. 63 at 9 n.5]. Plaintiff further seeks summary judgment in his favor solely on the ground that "each and every contention contained herein, in direct conflict with the Defendants, should be summarily accepted and ordered, to protect the ends of justice." *See id.* [D.E. 63 at 22]. Defendants filed their reply on September 24, 2013. *See* Reply in Supp. of Mot. for Summ. J. [D.E. 66].

## **STANDARD OF REVIEW**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See*

*Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

Pursuant to Federal Rule of Civil Procedure ("Rule") 56(c)(1)(A), admissions are proper summary judgment evidence that can be used to show that there is an absence of a genuine issue of material fact. *See* FED. R. CIV. P. 56(c)(1)(A); *Estate of Newton v. Grandstaff*, No. 3:10-CV-809-L, 2013 WL 230252, at *3 (N.D. Tex. Jan. 18, 2013). "The effect of a matter admitted is that it 'is conclusively established unless the court, on motion, permits the admission to be withdrawn.'" *Grandstaff*, 2013 WL 230252, at *3 (citing FED. R. CIV. P. 36(b)). Therefore, deemed admissions under Rule 36 can disprove allegations in a plaintiff's complaint. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M, 2012 WL 2679496, at *5 (N.D. Tex. June 6, 2012); *Cushingberry v. Airtran Airways, Inc.*, No. 3:04-CV-2301-M, 2005 WL 1875429, at *1-2 (N.D. Tex. Aug. 9, 2005). The movant can satisfy its initial summary judgment burden by offering deemed admissions that rebut the plaintiff's claims. *Franklin*, 2012 WL 2679496, at *5. Summary judgment can be granted where deemed admissions are regarding essential issues for plaintiff's claims. *See Tranman, Inc. v. Griffin*, 3:11-CV-1046-M, 2013 WL 944502, at *4 (N.D. Tex. Mar. 12, 2013)

(citing *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001)). A plaintiff cannot present the court with evidence that contradicts his deemed admissions to create a genuine issue of material fact at the summary judgment stage. *See In re Carney*, 258 F.3d at 420.

While courts liberally construe the pleadings of *pro se* litigants, courts are not obligated under Rule 56 to search the record in order to find evidence supporting a party's opposition to a summary judgment motion. *See Franklin*, 2012 WL 2679496, at *3 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Further, deemed admissions under Rule 36 can be applied against *pro se* litigants. *See Griffin*, 2013 WL 944502, at *4 (citing *Hill v. Breazeale*, 197 F. App'x 331, 336 (5th Cir. 2006)).

## ANALYSIS

### 1. Defendants' Motion for Summary Judgment

Defendants argue that the deemed admissions are fatal to Plaintiff's FCRA claims, the only remaining claims in this action, because in their Requests for Admission, each Defendant asked Plaintiff to admit that it did not violate the FCRA. *See* Br. in Supp. of Mot. for Summ. J. [D.E. 53 at 8-9]. Further, Defendants argue that Plaintiff's deemed admissions also disprove another essential element of Plaintiff's claims, that he sustained no damages. *See id.* [D.E. 53 at 9-11]. Therefore, Defendants contend that they are entitled to summary judgment because Plaintiff's deemed admissions make it impossible for him to prove his claims at trial. *See id.* [D.E. 53 at 12]. Plaintiff acknowledges in his response that deemed admissions are proper summary judgment evidence but contends that he does not know where such admissions were made. *See* Resp. & Cross-Mot. for

Summ. J. [D.E. 63 at 20].

The deemed admissions here are essential to plaintiff's FCRA claims. *See Griffin*, 2013 WL 944502, at *4 (citing *In re Carney*, 258 F.3d at 420). Moreover, Plaintiff, at this stage, cannot present the court with evidence that contradicts his deemed admissions to create a genuine issue of material fact. *See In re Carney*, 258 F.3d at 420. Therefore, Defendants' Motion for Summary Judgment should be granted. *See Cushingberry*, 2005 WL 1875429, at *1 ("Since Plaintiff is deemed to have admitted in response to Requests for Admission 14, 16, and 17 that her sexual harassment claims and retaliation claims are without merit and that she has no evidence to support her claims that she was terminated for poor job performance and attendance violations, there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law.").

## 2. Plaintiff's Cross-Motion for Summary Judgment

Plaintiff's sole argument in support of his Cross-Motion for Summary Judgment is that "each and every contention contained herein, in direct conflict with the Defendants, should be summarily accepted and ordered, to protect the ends of justice." *See* Resp. & Cross-Mot. for Summ. J. [D.E. 63 at 22]. Plaintiff's Cross-Motion for Summary Judgment should be denied because Plaintiff has wholly failed to meet his initial burden of demonstrating his entitlement to summary judgment. *See Duffy*, 44 F.3d at 312.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Defendants' Motion for Summary Judgment [D.E. 52] and **DENY** Plaintiff's Cross-Motion for Summary Judgment [D.E. 63].

**SO RECOMMENDED**, this 28th day of February, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to

7

fourteen days).